JORDAN WOMBLE *v.* GEORGE LITTLE and HENRY MORDECAI.

Where A confessed judgment in a court of a Justice of the Peace, in favor of B, upon a note, upon its face bearing interest at the rate of eight per cent., and the Justice gave judgment for the principal of the note, "with interest from date," and the judgment being sent to the Superior Court to be docketed, execution was thereon issued for the principal sum "with interest at 8 per cent:" *Held*, that there was no material variance between the judgment as rendered and the transcript upon which the execution issued.

This was a MOTION in the cause heard before his Honor Judge *Watts*, at Fall Term, 1875, of the Superior Court of WAKE county.

The motion was " to reform the judgment entered, and for an order to issue to the Sheriff of Wake county to suspend the sale of property, upon which he had levied, until the motion was heard."

His Honor granted an order to the Sheriff to suspend the sale from day to day until the hearing, when the following facts were found :

1. That the defendant, George Little, made to the plaintiff his promissory note on the 10th day of April, 1874, for the principal sum of two hundred dollars, with interest at eight per cent, payable one day after date.

2. That a summons was issued by a Justice of the Peace, against the defendant on the 13th day of April, 1874, who accepted service and confessed judgment on the same day, according to specialty filed. That said judgment was stayed by giving the defendant, He ry Mordecai as surety. ·

3. That a transcript of said judgment was sent up to the Superior Court and docketed on the 19th of June, 1875. Said docket shows that the judgment was for two hundred dollars, and interest from the 10th day of April, 1874, at 8 per cent. The transcript is for two hundred dollars, and interest from the 10th of April, 1874.

4. The execution issued by the Superior Court Clerk on the 19th day of June, 1875, was for the principal sum of two hundred dollars, with interest from the 10th day of April, 1874, at 8 per cent.

Upon these facts his Honor refused the motion, and thereupon the defendants appealed.

*Jones & Jones*, for the appellants.
*A. M. Lewis*, contra.

SETTLE, J. The defendant's appeal rests upon the idea that there is a variance between the judgment rendered by the magistrate and the one docketed in the office of the Superior Court Clerk, when, in fact, though expressed in words somewhat different, they mean precisely the same thing. The defendant contends that the Justice's judgment implies interest at six per cent. only. But of course his judgment, giving

"interest from 10th day of April, 1874," upon a note which specified on its face that it should bear interest at eight per cent. *per annum*, could mean nothing else than interest at eight per cent; and when the Clerk, in docketing the Justice's judgment, which was taken by confession, according to specialty filed, added the words "at eight per cent." he did not, in the least degree, change the sense or the legal effect of the Justice's judgment.

The judgment of the Superior Court is affirmed.

There are four other cases between the same parties, and involving the same point, before us at this term. Let judgment be entered in all in conformity to this opinion.

PER CURIAM.                              Judgment affirmed.

17