WADESBORO COTTON MILLS COMPANY v. CHARLES M. BURNS.

*Corporation—Subscription to Stock—Stockholder.*

1. Where a person has agreed to become a stockholder in a corporation and has enjoyed the benefits and privileges of membership he cannot, in a suit by the corporation to recover his unpaid subscription, set up as a defense that the corporation was not legally organized.

2. The fact that a corporation avails itself of only one of several privileges granted by its charter—that is, manufacture all the products it is permitted to manufacture—does not invalidate the act of incorporation.

3. Where articles of agreement signed by a subscriber to the stock of a corporation provided that the installments falling due on the subscription should bear eight per cent. interest, such rate continues until actual payment.

23

CIVIL ACTION by the plaintiff corporation to recover from the defendant his unpaid subscription to the stock of the corporation, tried before *Shuford, J.*, and a jury, at November Term, 1893, of ANSON Superior Court.

The facts appear in the opinion of Chief Justice SHEPHERD. From a judgment for the plaintiff defendant appealed.

*Messrs. James A. Lockhart* and *R. E. Little*, for plaintiff.
*Mr. R. T. Bennett*, for defendant (appellant).

SHEPHERD, C. J.: Conceding, what does not seem to be very clear, that the Clerk of the Superior Court, being a corporator, had no authority to probate the articles of incorporation upon the oath of a subscribing witness, and also to acknowledge its execution by himself, and that the incorporation of the plaintiff company was for that reason irregular, we are unable to see how the supposed defect is available as a defence under the circumstances of this case.

In *Swartwont* v. *Michigan Air Line Railroad Co.*, 24 Mich., 389, *Cooley, J.*, in delivering the opinion of the Court, said : "That where there is a corporation *de facto* with no want of legislative power to its due and legal existence; where it is proceeding in the performance of corporate functions and the public are dealing with it on the supposition that it is what it professes to be; and the questions suggested are only whether there has been exact regularity and strict compliance with the provisions of the law relating to incorporations, it is plainly a dictate, alike of justice and of public policy, that, in a controversy between the *de facto* corporation and those who have entered into contract relations with it, as corporators or otherwise, such questions should not be suffered to be raised." This rule, says Mr. Cook (Vol. I, Stock and Stockholders, section 185), is sustained by the great weight of authority and is also fully

approved by other authors. Mr. Morawitz says (Vol. II, Pr. Corp., 743): "It may be stated as a general rule, subject to the limitations heretofore referred to (which limitations do not apply to this case), that if a person has agreed to become a stockholder in a corporation and has enjoyed the benefits and privileges of membership, he cannot, when called upon to perform the obligations of his contract, set up as a defence that the corporation was not legally organized, or that he did not comply with the requirements of the law in becoming a member." To the same effect are Thompson's Liability of Stockholders, section 173, and 2 Beach Pr. Corp., section 576, and the numerous cases cited in the notes. As bearing upon the general subject and in support of the foregoing views, reference may also be made to some of the decisions of this Court. *Elizabeth City Academy* v. *Lindsey*, 6 Ired., 476; *Tar River Navigation Co.* v. *Niel*, 3 Hawks, 537; *Railroad Co.* v. *Thompson*, 7 Jones, 387; *Marshall* v. *Killian*, 99 N. C., 501.

If we apply the above principles to the facts of this case it is manifest that the defendant is liable as a stockholder of the plaintiff company. He subscribed to the articles of incorporation and these were proved in the manner hereinbefore stated and filed under the provisions of chapter 16 of *The Code*, on the 22d of August, 1890.

The defendant was elected a director by the stockholders and served as such at a meeting of the directors on September 26, 1890, when a contract for a mill building was made. He continued to be a director until July 13, 1891, when he tendered his resignation. The mill has been in operation nineteen months and all of the subscribers have paid up their subscriptions as they became due except the defendant and two others, the latter having paid a part only of what is due by them. There was also evidence that defendant promised to pay in cotton and also in money.

In view of all these circumstances we cannot hesitate in sustaining the charge of his Honor that if the defendant "subscribed the said articles of agreement and participated in the organization of the company and acted as one of its directors, all objection to the validity of its formation and organization was deemed waived by him, and as to him the articles of incorporation were binding notwithstanding the alleged irregularity in the probate thereof." The objection that there has been a departure from the original purposes of the corporation because it has not seen fit to do anything but spin yarns out of cotton (one of the several objects of the corporation) is equally untenable. This is a matter addressed to the discretion of the company, and if they do not avail themselves of all of their corporate privileges—that is, manufacture all of the things they are permitted to manufacture—this surely does not avoid the act of incorporation. Neither can we agree with the learned counsel that there was error in charging the defendant with eight per cent. interest. This is a legal rate when expressly stipulated for, and this amount, being specified in the articles of incorporation, is what the defendant contracted to pay by his subscription, and his obligation to pay this rate continues after maturity and until actual payment. *Womble v. Little*, 74 N. C., 255. The case just cited is also authority against the defendant's contention that the judgment should bear interest at the rate of six per cent. only.

Affirmed.